**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**EZRA JOE JONES** **PLAINTIFF**

**V.** **Civil No. 5:16-CV-5242**

**SHERIFF TIM HELDER; SERGEANT BYRD; CORPORAL CAUDLE; SERGEANT STANTON; MEDICAL STAFF LANDON; ARAMARK CORRECTIONAL SERVICES, LLC; JOHN OR JANE DOE ARAMARK SUPERVISOR FROM AUGUST 6, 2016, TO AUGUST 26, 2016; JOHN OR JANE DOE Nos. 7 TO 18 ARAMARK KITCHEN STAFF FOR DATES FROM AUGUST 7, 2016, TO AUGUST 22, 2016; JOHN OR JANE DOE No. 19 ARAMARK SUPERVISOR FROM OCTOBER 26, 2014, TO MARCH 2, 2015; JOHN OR JANE DOE Nos. 20-37 ARAMARK KITCHEN STAFF FROM AUGUST 24, 2016, TO OCTOBER 2016; DEPUTY C. CINK; LIEUTENANT FOSTER; and CORPORAL CARRIER** **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by Plaintiff Ezra Joe Jones pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Currently before the Court is a Motion to Dismiss (Doc. 24) filed by Aramark Correctional Services, LLC, the John Doe Kitchen Staff, the John Doe Kitchen Supervisor, and Deputy C. Cink. Mr. Jones did not file a response to the Motion to Dismiss.

Mr. Jones is currently incarcerated in the Randall L. Williams Correctional Facility of the Arkansas Department of Correction. When he filed this case on September 12, 2016, he was incarcerated in the Washington County Detention Center ("WCDC"). The claims asserted arise out of his incarceration in the WCDC.

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Defendants failed to provide Mr. Jones with: (1) a diet in keeping with his religious beliefs; (2) a well-balanced diet; and (3) a diet meeting vegetarian standards. He also alleges that Aramark failed to properly train its kitchen staff with respect to basic nutritional standards, portion control, appropriate substitutions, religious diets, and how to properly and timely respond to requests or grievances about the food being served. He additionally alleges that kitchen staff are not provided with a copy of the menu.

With respect to Deputy Cink, Mr. Jones alleges that she responded to his written complaint regarding meals with—what he perceived to be—a veiled threat. Specifically, he claims that Deputy Cink responded: "It seems that almost every day you have a complaint. I will see if we can't get a scheduled visit with the Medical Dept. and see if we can't solve your issues." (Doc. 8, p. 2). Mr. Jones interpreted this as a threat to "force sedation" on him. *Id.* at 3.

As relief, Mr. Jones seeks compensatory and punitive damages. He also asks for the following to be placed on the jail kiosk in the document section: a copy of the approved menu with portion size noted; a copy of the "feeding policy"; and instructions on how to obtain special/religious diets.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

## III. DISCUSSION

Aramark and Deputy Cink argue they are entitled to dismissal of the claims against them on the following grounds: (1) Mr. Jones's allegations, accepted as true for purposes of this Motion, do not allege a physical injury as required by 42 U.S.C. § 1997e (e) of the Prison Litigation Reform Act (PLRA); and (2) his allegations fail to state an Eighth Amendment claim.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right secured by the Constitution. *West v. Adkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere

negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Defendants first maintain that the physical injury requirement of the PLRA bars Mr. Jones's claims. Codified as 42 U.S.C. § 1997e(e), section 803(d) of the PLRA provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The provision limits the available damages in the absence of a physical injury, but does not preclude a plaintiff from pursuing a claim. *See Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir. 2012) (plaintiff barred from recovering compensatory damages where there was no allegation of physical injury); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (physical injury requirement of the PLRA "limit[s] recovery for mental or emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages); *see also Pool v. Sebastian Cnty.*, 418 F.3d 934, 942 n.2 (8th Cir. 2005) (finding that Section 1997e(e) presents an issue of damages under the PLRA). As the Court finds that Mr. Jones's claims survive Rule 12 dismissal, the Court declines at this point to attempt to determine whether he suffered a physical injury sufficient to enable him to recover compensatory damages for his mental pain and suffering under § 1997e(e).

Next, Defendants argue that Mr. Jones has failed to state a claim under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his

health. *See e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have a right to nutritionally adequate food); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980) (prisoners are guaranteed a reasonably adequate diet). To prevail on an Eighth Amendment claim, a plaintiff must show that the defendants were deliberately indifferent to his dietary needs. *Wishon*, 978 F.2d at 449.

The Court finds that Mr. Jones has asserted sufficient facts in the Complaint to show that he suffered an Eighth Amendment violation. In particular, he alleges that during his incarceration in the WCDC, he was deprived of lunch on one day, dinner on three days, and meals without protein on thirteen separate days. *See* Doc. 1, p. 8. Later on in the Complaint, he contends that, due to Defendants' deliberate indifference to his spiritually-based vegetarian dietary needs, he was forced to subsist on "less than ½ meals" for seventeen days. *See id.* at 14. Assuming these facts, as pleaded, are true, the Court finds that the Plaintiff has met his initial pleading burden of establishing an objective deprivation that is sufficiently serious. He has also made a subjective showing that prison officials acted with deliberate indifference to his health or safety. *See Simmons v. Cook*, 154 F.3d 805, 807-08 (8th Cir. 1998) (explaining that an inmate must satisfy both an objective and a subjective element to prevail on an Eighth Amendment claim, and determining that the deprivation of four consecutive meals meets the objective element).

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss (Doc. 24) is **DENIED**.

**IT IS SO ORDERED** on this 31st day of March, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE