IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EZRA JONES                                                        PLAINTIFF

V.                    CASE NO. 5:16-CV-05242

SHERIFF TIM HELDER; SERGEANT BYRD;
CORPORAL CAUDLE; SERGEANT STANTON;
LANDON HARRIS; ARAMARK CORRECTIONAL
SERVICES, LLC; ARAMARK KITCHEN STAFF
FROM AUGUST 24, 2016,TO OCTOBER 2016;
DEPUTY C. CINK; LIEUTENANT FOSTER;
CORPORAL CARRIER; JESSIE ENGLAND;
TOMMY ROARK; and TINA WEBB                                        DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by Plaintiff Ezra Jones, under the provisions of 42 U.S.C. § 1983. Mr. Jones proceeds *in forma pauperis* and *pro se*. He is currently incarcerated in the Randall L. Williams Correctional Facility of the Arkansas Department of Correction. At the time at issue in this case, he was incarcerated at the Washington County Detention Center ("WCDC"). The case is before the Court on a Motion to Dismiss (Doc. 66) filed by Separate Defendant Landon Harris, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

While Mr. Jones was incarcerated at the WCDC, he alleges that: (1) he was not provided with a diet in keeping with his religious beliefs; (2) he was not provided with nutritious and well-balanced meals; (3) he was not treated with dignity and respect and was routinely spoken to in a derogatory manner; and (4) he was denied vegetarian meals.

With respect to Defendant Harris, who is a nurse practitioner employed by the entity

1

that provides medical services to inmates of the WCDC, the original Complaint (Doc. 1) filed on September 12, 2016, names Mr. Harris, but does not include any specific factual allegations concerning him. A Supplement to the Complaint (Doc. 8) was filed on October 5, 2016, which included more facts in support of Mr. Jones's various causes of action, but still failed to explain why Mr. Harris was being sued. A second Supplement (Doc. 62) was filed on February 10, 2017. In the second Supplement, Mr. Jones "apologize[d] to the Court for confusing the Defense Lawyers," and then stated:

> There is only (1) alegation [sic] against "Landon[.]" He interfered with a Request clearlly [sic] addressed to RELIGIOUS DIET [and] responded[,] "You will need to go through religeous [sic] services," and closed the request, creating further delay.
>
> . . .
>
> There is no way to quantify exactly how much his actions attributed to delays[;] it is[,] however[,] clear that the actions of Landon were wrong.

*Id.* at 1.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the

2

pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (finding that while pro se complaints are liberally construed, they must still allege sufficient facts to support the claims).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, reading Mr. Jones's allegations against Mr. Harris as generously as possible, they do not state a plausible claim for relief. At most, Mr. Jones contends that Mr. Harris negligently responded to his request concerning a "religious diet" by directing him to re-submit the request to a different department within the WCDC. Even if this act was negligent, negligence does not rise to the level of conduct that states a claim under § 1983. *See, e.g., Myers v. Morris*, 810 F.2d 1437 (8th Cir. 1987) (*citing Davidson*, 474 U.S. at 348; *Daniels*, 474 U.S. at 330-31).

## IV. CONCLUSION

For this reason, the Motion to Dismiss (Doc. 66) filed by Separate Defendant

3

Landon Harris is **GRANTED**, and all claims against him are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** on this 26th day of May, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE